IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON, | No. 2:15-CV-0027-MCE-CMK-P |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| JOE A. LIZARRAGA, et al., | |
|     Defendants. | |
|                               / | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for injunctive relied (Docs. 9 and 19).

       The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

In his motions, plaintiff states that defendant Lizarraga and others (mostly defendants named in other actions filed in the Fresno division of this court and now closed), generated "false/forged instruments" in order to "abduct" him from the "free world." According to plaintiff, he is being held in captivity until such time as his untimely death can be arranged. It appears that plaintiff seeks his release, though his motions are unclear.

The court finds that plaintiff's motions are without merit. As discussed in more detail in the order issued herewith, plaintiff claims that he was transferred from Mule Creek State Prison to another prison, where he faced threats to his safety, in retaliation for filing inmate grievances. In the current motions, plaintiff vaguely asserts that officials at the destination prison are holding plaintiff in captivity until his assassination or untimely death. Plaintiff does not present any specific assertions as to any defendant named in this action. Nor does plaintiff identify facts showing that he is likely to suffer irreparable harm absent some unclear injunction. While plaintiff vaguely claims that he may be assassinated, he has not presented any specific facts showing that this is imminent or even likely. Moreover, plaintiff has not demonstrated a likelihood of success on the merits of his claims relating to his transfer, and plaintiff's claims relating to individuals at the destination institution are not before the court in this action. Thus, plaintiff has not demonstrated a balance of hardships in his favor. Finally, because his motions are vague and conclusory, plaintiff has not demonstrated that the public interest favors what he apparently seeks – his release.

/ / /

/ / /

/ / /

1  Based on the foregoing, the undersigned recommends that plaintiff's motions for
2  injunctive relief (Docs. 9 and 19) be denied.
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court.  Responses to objections shall be filed within 14 days after service of
7  objections.  Failure to file objections within the specified time may waive the right to appeal.
8  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  DATED: September 25, 2015

  _____
12  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE