1

2

3

4

5

6

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ADRIAN MOON,                              No. 2:15-CV-0027-MCE-CMK-P

12            Plaintiff,

13        vs.                                  <u>ORDER</u>

14   JOE A. LIZARRAGA, et al.,

15            Defendants.

16   _____/

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).  Also before the

19   court are the following motions: (1) motion for appointment of counsel (Doc. 3); (2) motion for

20   expedited ruling (Doc. 18); (3) "Ex Parte Emergency Motion Prescreening Discovery" (Doc. 20);

21   (4) "Ex Parte Emergency Motion to Hon. Chief Judge Morrison C. England, Jr., to Re-Open and

22   Consolidate Related Cases and Docs in C.D.C.R." (Doc. 21); (5) motion to consolidate (Doc.

23   22); and (6) motion for contempt sanctions (Doc. 24).  Plaintiff's motions for injunctive relief

24   (Docs. 9 and 19) are addressed by findings and recommendations issued herewith.

25   / / /

26   / / /

# I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Lizarraga; Vanni; Eloroza; Myrsh; Cantu; Cortez; Dickerson; Barton; Meija; Stacy; Lopez; Higgins; Bennett; Davis; Drake; Castillo; Almodova; McCloughan; Villanueva; Westson; Jenkins; Bell; and one other whose name cannot be deciphered from the hand-written complaint.[1]  According to plaintiff, defendants collectively conspired to file "false/forged instruments" and "aided and/or abetted the abduction from the minimum yard into solitary confinement. . . ."  Plaintiff, who is black, states this was done with "racial hatred" and "in retaliation" to keep him from seeking a work assignment in the prison firehouse.  Plaintiff adds that defendants are "chilling Plaintiff Moon from his ordinary firmness in redressing the government through the 602 grievance process. . . ."

More specifically, plaintiff claims that defendant Jenkins grabbed his testicles, squeezed, and told plaintiff that something "more physical" and "harmful" would happen unless plaintiff stopped filing inmate grievances.  Plaintiff adds that the "chief of the MCSP firehouse," who is not specifically named, told plaintiff: "Based on your color of skin we don't need you at the firehouse."  Next, according to plaintiff, defendant Higgins directed her "underling inmate library clerk" to physically attack plaintiff in order to prevent him from using the law library.  Plaintiff adds that defendants Lizarraga, Vanni, Eloroza, Stacy, Bennett, Castillo, and Lopez "adversely transferred" plaintiff to a different prison to allow officers at that institution to "finish the assassination on Plaintiff Moon."  According to plaintiff, this transfer prevented him from "exercising his rights. . . ."

/ / /

/ / /

---

[1]    While the docket lists "CDCR" as an additional defendant, that entity does not appear to be separately named in the complaint.  The Clerk of the Court, therefore, will be directed to terminate "CDCR" as a named defendant to this action.  Stacy, Lopez, Higgins, Bennett, Davis, Drake, Castillo, Almodova, McCloughan, Villanueva, Westson, Jenkins, Bell are named in the complaint but not listed on the docket as defendants.  The Clerk of the Court will be directed to add these individuals as named defendants.

1    Next, plaintiff outlines allegations relating to individuals not named in this suit,

2 but who were defendants in <u>Moon v. Holland, et al.</u>, 1:14-CV-1704-LJO-JLT, originally filed on

3 the Fresno division of this court and now closed.

4

5                                  **II.  DISCUSSION**

6    **A.    <u>Screening</u>**

7    The court is required to screen complaints brought by prisoners seeking relief

8 against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

9 § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

10 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

11 from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

12 the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

13 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

14 This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

15 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

16 if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

17 which it rests.  <u>See</u> <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

18 allege with at least some degree of particularity overt acts by specific defendants which support

19 the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

20 impossible for the court to conduct the screening required by law when the allegations are vague

21 and conclusory.

22    While plaintiff's complaint is difficult to decipher, and his allegations are largely

23 vague and conclusory, it appears that plaintiff is asserting the following claims: (1) denial of

24 equal protection based on his allegation that he was placed in solitary confinement based on his

25 race; (2)use  excessive force based on his allegation that defendant Jenkins grabbed his testicles;

26 and (3) retaliation.

1           1.      Excessive Force

2           The treatment a prisoner receives in prison and the conditions under which the

3   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

4   and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

5   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

6   of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

7   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

8   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

9   "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

10  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

11  when two requirements are met: (1) objectively, the official's act or omission must be so

12  serious such that it results in the denial of the minimal civilized measure of life's necessities; and

13  (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose

14  of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a

15  prison official must have a "sufficiently culpable mind."  See id.

16          When prison officials stand accused of using excessive force, the core judicial

17  inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline,

18  or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992);

19  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as

20  opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims,

21  is applied to excessive force claims because prison officials generally do not have time to reflect

22  on their actions in the face of risk of injury to inmates or prison employees.  See Whitley, 475

23  U.S. at 320-21.  In determining whether force was excessive, the court considers the following

24  factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship

25  between the need for force and the amount of force used; (4) the nature of the threat reasonably

26  perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.

1  See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force

2  was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir.

3  1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at 7-9.  Finally,

4  because the use of force relates to the prison's legitimate penological interest in maintaining

5  security and order, the court must be deferential to the conduct of prison officials.  See Whitley,

6  475 U.S. at 321-22.

7          The court finds that plaintiff's allegation that defendant Jenkins grabbed and

8  squeezed his testicles while threatening more serious harm are sufficient to sustain an Eighth

9  Amendment excessive force claim.  Plaintiff's allegation that defendant Higgins directed her

10  "underling inmate library clerk" to physically attack plaintiff, however, is insufficient because

11  plaintiff has not identified any use of force.

12          2.    Equal Protection

13          Equal protection claims arise when a charge is made that similarly situated

14  individuals are treated differently without a rational relationship to a legitimate state purpose.

15  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Prisoners are protected from

16  invidious discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

17  Racial segregation is unconstitutional within prisons save for the necessities of prison security

18  and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also

19  protected from intentional discrimination on the basis of their religion.  See Freeman v. Arpaio,

20  125 F.3d 732, 737 (9th Cir. 1997).  Equal protection claims are not necessarily limited to racial

21  and religious discrimination.  See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir.

22  2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the

23  disabled do not constitute a suspect class) see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal.

24  2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals

25  where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger,

26  2007 WL 732555 (E.D. Cal. March 19, 2008).

1    In order to state a § 1983 claim based on a violation of the Equal Protection

2  Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with

3  intentional discrimination against plaintiff, or against a class of inmates which included plaintiff,

4  and that such conduct did not relate to a legitimate penological purpose.  See Village of

5  Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be

6  brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir.

7  2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v.

8  Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010

9  (9th Cir. 1985).

10    In this case, plaintiff alleges that defendants conspired to place him in solitary

11  confinement because he is black.  Plaintiff also alleges that the unnamed "chief of the MCSP

12  firehouse" would not consider him for a work assignment because he is black.  These allegations

13  are insufficient because they do not link specific conduct to a particular named defendant.  To

14  state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link

15  between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't

16  of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person

17  'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he

18  does an affirmative act, participates in another's affirmative acts, or omits to perform an act

19  which he is legally required to do that causes the deprivation of which complaint is made."

20  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

21  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

22  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

23  specific facts as to each individual defendant's causal role in the alleged constitutional

24  deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

25  / / /

26  / / /

6

3.     Retaliation

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

Here, plaintiff alleges that defendant Jenkins grabbed and squeezed his testicles, and threatened more harm, unless he stopped filing inmate grievances.  This allegation is sufficient, if true, to establish that plaintiff was engaged in protected activity (filing inmate grievances) and that defendant Jenkins acted because plaintiff engaged in this protected activity. Given the lack of any penological interest in grabbing and squeezing an inmate's testicles, and the chilling effect such conduct would have, the complaint is sufficient to sustain a retaliation claim against defendant Jenkins (in addition to an excessive force claim arising from the same alleged conduct).

/ / /

/ / /

Plaintiff's allegations relating to a retaliatory prison transfer and placement in solitary confinement, however, are not sufficient in that they fail to link specific conduct to a particular defendant.

**B.     Pending Motions**

1.     Motion for Appointment of Counsel

Plaintiff seeks the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  First, the court cannot say at this early stage of the proceedings before the action has been served on any defendant that plaintiff has any particular likelihood of success on the merits of his claims.  Second, as to the cognizable claims identified above, the legal issues are well-settled and not complex.  Finally, plaintiff has demonstrated an ability to sufficiently articulate his claims on his own.

2.     Motion for Expedited Ruling

Plaintiff seeks an expedited ruling on his motions for injunctive relief .  Because plaintiff's motions for injunctive relief are addressed in separate findings and recommendations issued herewith, plaintiff's motion will be denied as moot.

/ / /

1          3.        "Ex Parte Emergency Motion Prescreening Discovery"

2          Plaintiff seeks a order "for prescreening discovery" pursuant to the federal

3  discovery rules.  Plaintiff specifically cited Federal Rule of Civil Procedure, which governs

4  requests for admissions, but does not cite to any rule or case supporting "prescreening

5  discovery."  Plaintiff also references a memorandum of points and authorities, but no such

6  memorandum was filed with the motion.   Because plaintiff has not demonstrated any procedural

7  requirement or basis for "prescreening discovery," his motion will be denied.

8          4.        "Ex Parte Emergency Motion to Hon. Chief Judge Morrison C. England,
                     Jr., to Re-Open and Consolidate Related Cases and Docs in C.D.C.R."
9

10         Plaintiff seeks an order "to re-open, then, consolidate related cases, Moon v. M.

11  Mullin, et al., 2:11-CV-03272-EFB; Moon v. C. Reece, et al., 1:12-CV-01243-MJS; Moon v. A.

12  Aquino, et al., 1:13-CV-00681-LJO-DLB; Moon v. Maurice Juniors, et al., 1:12-CV-00096-

13  GSA; into this case. . . ."  Given that all four referenced cases are closed, plaintiff's motion will

14  be denied without prejudice to the extent motions to re-open would be timely in the closed cases.

15         5.        Motion to Consolidate

16         Plaintiff seeks an order consolidating this matter with two other cases.  Because

17  both referenced cases are closed, plaintiff's motion will be denied.

18         6.        Motion for Contempt Sanctions

19         Plaintiff seeks an order imposing sanctions against various individuals who are or

20  were defendants in a number of other actions.  Plaintiff's motion will be denied without prejudice

21  to the extent plaintiff may be able to pursue the requested relief in the other actions.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

**III.  CONCLUSION**

Because it is possible that the deficiencies in the complaint identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims against defendant Jenkins, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1          Accordingly, IT IS HEREBY ORDERED that:

2          1.    Plaintiff may file a first amended complaint within 30 days of the date of

3 this order;

4          2.    Plaintiff's motion for the appointment of counsel (Doc. 3) is denied;

5          3.    Plaintiff's motion for expedited ruling (Doc. 18) is denied as moot;

6          4.    Plaintiff's "Ex Parte Emergency Motion Prescreening Discovery" (Doc.

7 20) is denied;

8          5.    Plaintiff's "Ex Parte Emergency Motion to Hon. Chief Judge Morrison C.

9 England, Jr., to Re-Open and Consolidate Related Cases and Docs in C.D.C.R." (Doc. 21) is

10 denied without prejudice;

11          6.    Plaintiff's motion to consolidate (Doc. 22) is denied; and

12          7.    Plaintiff's motion for contempt sanctions (Doc. 24) is denied without

13 prejudice;

14          8.    The Clerk of the Court is directed to update the docket to terminate CDCR

15 as a defendant to this action; and

16          9.    The Clerk of the Court is directed to update the docket to add the

17 following as named defendants:  Stacy; Lopez; Higgins; Bennett; Davis; Drake; Castillo;

18 Almodova; McCloughan; Villanueva; Westson; Jenkins; and Bell.

19

20 DATED: September 25, 2015

21

22                    **CRAIG M. KELLISON**

23                    UNITED STATES MAGISTRATE JUDGE

24

25

26