IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON, | No. 2:15-CV-0027-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JOE A. LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant's unopposed motion (Doc. 38) for revocation of plaintiff's in forma pauperis status.

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies.  Dismissed habeas petitions do not count

1

1  as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).
2  Where, however, a dismissed habeas action was merely a disguised civil rights action, the district
3  court may conclude that it counts as a "strike."  See id. at n.12.

4        When in forma pauperis status is denied, revoked, or otherwise unavailable under
5  § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the
6  action upon pre-payment of fees at the time the action is re-filed.  In Tierney v. Kupers, the Ninth
7  Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after
8  finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis.  See 128
9  F.3d 1310 (9th Cir. 1998).  Notably, the district court dismissed the entire action rather than
10 simply providing the plaintiff an opportunity to pay the filing fee.  The Ninth Circuit held that the
11 plaintiff's case was "properly dismissed."  Id. at 1311.  Similarly, in Rodriguez v. Cook, the
12 Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded
13 that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes"
14 provision.  See 169 F.3d 1176 (9th Cir. 1999).  Again, rather than providing the inmate appellant
15 an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated
16 that the appellant "may resume this appeal upon prepaying the filing fee."

17       This conclusion is consistent with the conclusions reached in at least three other
18 circuits.  In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status
19 under § 1915(g) mandated dismissal.  See 284 F.3d 1234 (11th Cir. 2002).  The court specifically
20 held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because
21 "[h]e must pay the filing fee at the time he *initiates* the suit."  Id. at 1236 (emphasis in original).
22 The Fifth and Sixth Circuits follow the same rule.  See Adepegba v. Hammons, 103 F.3d 383
23 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

24       Defendant argues that plaintiff's in forma pauperis status must be revoked because
25 he has had three or more prior cases dismissed as frivolous, malicious, or for failure to state a
26 claim.  Upon review of the previous actions cited by defendant, the court agrees that plaintiff has

had at least three prior "strikes."  Specifically, the following cases were dismissed for failure to state a claim: (1) <u>Moon v. Johnson, et al.</u>, C. Dist. Cal. No. 2:12-CV-1514 (dismissed March 8, 2012); (2) <u>Moon v. Johnson, et al.</u>, C. Dist. Cal. No. 5:12-CV-0632 (dismissed May 7, 2012); (3) <u>Moon v. Johnson, et al.</u>, C. Dist. Cal. No. 2:12-CV-4792 (dismissed June 11, 2012).[1]  Because plaintiff has not alleged facts suggesting imminent danger of serious injury, plaintiff is not entitled to proceed in forma pauperis.

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion (Doc. 38) for revocation of plaintiff's in forma pauperis status be granted;

2. Plaintiff's in forma pauperis status be revoked;

3. This action be dismissed without prejudice to re-filing upon prepayment of the filing fee; and

4. Plaintiff's motion (Doc. 41) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 17, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1]    Plaintiff failed to disclose any of these prior actions.

3